IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICK BAKER, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>AGL RESOURCES, INC. et al.,<br><br>      Defendants. | 1:15-cv-3265-WSD |
| JEFF MORTON, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>AGL RESOURCES, INC. et al.,<br><br>      Defendants. | 1:15-cv-3320-AT |
| SARAH HALBERSTAM and BARUCH Z. HALBERSTAM (AS CUSTODIAN FOR BENJAMIN HALBERSTAM), individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>AGL RESOURCES, INC. et al.,<br><br>      Defendants. | 1:15-cv-3402-WSD |

|  |  |
|---|---|
| MANUEL ABT, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AGL RESOURCES, INC. et al., <br><br> Defendants. | 1:15-cv-3597-WSD |

## OPINION AND ORDER

This matter is before the Court on the Stipulation and Proposed Consent Order Establishing Responsive Pleadings Deadlines, Consolidating Actions, and Appointing Interim Lead Plaintiffs and Interim Co-Lead Counsel (the "Stipulation") filed in the above-captioned cases.

I.  **BACKGROUND**

There are currently four separate class actions pending before this Court brought by different named plaintiffs on behalf of themselves and the shareholders of AGL Resources, Inc. ("AGL") against AGL and its directors, and, in two of these class actions, against The Southern Company ("Southern") and its subsidiary, AMS Corp. ("AMS"). All four class actions concern the proposed sale of AGL to Southern and AMS, and all four seek to create a class composed of the holders of

2

common stock in AGL who allegedly are being harmed or will be harmed by the proposed sale to Southern and AMS.

On September 16, 2015, Plaintiff Patrick Baker filed a Class Action Complaint [1] in Civil Action No. 1:15-cv-03265-WSD (the "First Action"). Plaintiff Baker brings this action against AGL, its directors, Southern, and AMS. David Andrew Bain of the Law Offices of David A. Bain, LLC and James M. Ficaro of The Weiser Law Firm, P.C, represent Plaintiff Baker in the First Action. Michael Smith of King & Spalding and Gary A. Bornstein of Cravath Swaine & Moore, LLP represent AGL and its directors. Counsel for Southern or AMS have not entered their appearances. The First Action is pending before Judge William S. Duffey, Jr.

On September 22, 2015, Plaintiff Jeff Morton filed a Class Action Complaint [1] in Civil Action No. 1:15-cv-03320-AT (the "Second Action"). Plaintiff Morton brings this action against AGL, its directors, Southern, and AMS. Cory Daniel Holzer and Marshall P. Dees of Holzer & Holzer, LLC and James M. Wilson, Jr. and Juan E. Monteverde of Faruqi & Faruqi represent Plaintiff Morton in the Second Action. Counsel for the defendants have not entered their appearances. The Second Action is pending before Judge Amy Totenberg.

On September 28, 2015, Plaintiffs Sarah Halberstam and Baruch Z. Halberstam (as custodian for Benjamin Halberstam) filed a Class Action Complaint [1] in Civil Action No. 1:15-cv-03402-WSD (the "Third Action"). Plaintiffs Sarah Halberstam and Baruch Halberstam bring this action against AGL and its directors. David Andrew Bain of the Law Offices of David A. Bain, LLC, Michael A. Rogovin of WeissLaw LLP, and Richard A. Acocelli, Jr. of Rabin & Peckel represent Plaintiffs Sarah Halberstam and Baruch Z. Halberstam in the Third Action. Counsel for the defendants have not entered their appearances. The Third Action is pending before Judge Duffey.

On October 9, 2015, Plaintiff Manuel Abt filed a Class Action Complaint [1] in Civil Action No. 1:15-cv-03597-WSD (the "Fourth Action") (together with the First, Second, and Third Actions, the "Actions"). Plaintiff Abt brings this action against AGL and its directors.[1] David Andrew Bain of the Law Offices of David A. Bain, LLC and Shane T. Rowley of Levi & Korsinsky, LLP represent Plaintiff Abt in the Fourth Action. Counsel for the defendants have not entered their appearances. The Fourth Action is pending before Judge Duffey.

---

[1]   The Complaints filed in the Actions name the same fifteen directors as defendants: (1) Sandra N. Bane; (2) Thomas D. Bell, Jr.; (3) Norman R. Bobins; (4) Charles R. Crisp; (5) Brenda J. Gaines; (6) Arthur E. Johnson; (7) Wyck A. Knox, Jr.; (8) Dennis M. Love; (9) Dean R. O'Hare; (10) Armando J. Olivera; (11) John E. Rau; (12) James A. Rubright; (13) John W. Somerhalder II; (14) Bettina M. Whyte; and (15) Henry C. Wolf.

4

On October 15, 2015, counsel for the parties in the Actions filed the Stipulation in the Actions.[2]  The parties agree that the Actions arise out of the same set of facts and assert the same or similar claims involving the proposed acquisition of AGL by Southern.  (Stipulation at 4).  The parties request that the Court consolidate the Actions into one action (the "Consolidated Action") for all purposes, including pre-trial proceedings and trial.  (Id. at 5).  The parties request that the Complaint in the Second Action be designated as the operative complaint, and that the defendants have sixty (60) days to respond to it.[3]  (Id.).  The parties request that "[a]ll papers filed by the parties and all Orders of this Court shall be entered into the docket of the [First Action]" and that the Clerk of Court be directed to administratively close the Second, Third, and Fourth Actions.  (Id. at 6).

The parties further request that, if an action is filed by another plaintiff that "relates to the same or similar subject matter, arises out of the same or similar transactions or events, [or] raises the same or similar claims as the Consolidated Action or any of the actions subsumed therein (a "Related Action") is subsequently filed in, removed to, or transferred to this Court, the Clerk of Court shall . . . file a

---

[2]  Walter W. Davis of Jones Day signed the Stipulation on behalf of Southern and AMS.

[3]  The defendants have accepted service of the Complaints in the Actions, entitling them to sixty (60) days in which to respond to the Complaints.  See Fed. R. Civ. P. 4(d)(3).

copy of this Order in the separate file for such Related Action . . . [and] such Related Action shall be consolidated with the Consolidated Action [unless a party with good cause objects to consolidation]. (Id. at 5-6).

The parties stipulate that Plaintiffs Jeff Morton, Sarah Halberstam, and Baruch Z. Halberstam (as custodian For Benjamin Halberstam), should be appointed Interim Co-Lead Plaintiffs for the Class ("Lead Plaintiffs") in the Consolidated Action. (Id. at 7). The parties stipulate that the law firms of Faruqi & Faruqi, LLP and WeissLaw LLP, should be appointed, under Rule 23(g)(3) of the Federal Rules of Civil Procedure, as Interim Co-Lead Counsel in the Consolidated Action ("Interim Co-Lead Counsel") and The Law Offices of David A. Bain, LLC and Holzer & Holzer, LLC should be appointed as Interim Co-Liaison Counsel in the Consolidated Action ("Interim Co-Liaison Counsel"). (Id.).

**II.   DISCUSSION**

    A.   <u>Transfer of Second Action to Judge William S. Duffey, Jr.</u>

The Complaint in the Second Action was filed on September 22, 2015. It is the Court's normal procedure to require a civil cover sheet to be filed at the commencement of an action that identifies case or cases that are related to the newly-filed action. Plaintiff Morton did not include a civil cover sheet when he

filed his Complaint. The Clerk, thus, was unaware that the case was related to the First Action before Judge Duffey, and the Second Action was assigned to Judge Totenberg. (See Second Action at [3]). On September 25, 2015, Plaintiff Morton filed his civil cover sheet, which identifies the First Action as a related case. (See Civil Cover Sheet [4.1] at 2). It is undisputed that had Plaintiff Morton filed the civil cover sheet at the time he filed his Complaint, the Second Action would have been assigned to Judge Duffey. The Court directs the Clerk of Court to transfer the Second Action to Judge Duffey.

> B.    Consolidation of Actions

Rule 42 of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "A district court's decision under Rule 42(a) is purely discretionary," but trial judges are encouraged to use the rule "to expedite the trial and eliminate unnecessary repetition and confusion." Melgarejo v. Nationstar Mortgage LLC, No. 1:12-CV-01494-RWS, 2012 WL 5077363, at *1 (N.D. Ga. Oct. 17, 2012) (quoting Hendrix v. Raybestos–Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).

The Court agrees that the Actions should be consolidated because it is clear from the face of the Complaints that the Actions all raise the same or substantially similar claims, all arise out of the proposed sale of AGL to Southern and AMS, all name AGL and its directors as defendants, and all are seeking to be certified as class actions on behalf of the same class: the shareholders of AGL.  See Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 765-66 (11th Cir. 1995) (The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)).  The Court directs the Clerk of Court to consolidate the Actions with the First Action, and to administratively close the Second, Third, and Fourth Actions.

The parties request that this Order apply to, and the Court automatically consolidate into the Consolidated Action, any action "that relates to the same or similar subject matter, arises out of the same or similar transactions or events, [or] raises the same or similar claims as the Consolidated Action" unless a party objects within ten (10) days of being served a copy of this Order.  (Stipulation at 5-6).  This is not the most appropriate method to consolidate potentially related cases.  The Court concludes, for this case, that if a new action is filed and one or more of the parties in the Consolidated Action believes the new action "involve[s] a

common question of law or fact" the party or parties may move the Court for consolidation, under Rule 42(a).[4]  This provides a mechanism for any party opposing consolidation to oppose consolidation in a responsive pleading.

### C.     Appointment of Interim Co-Lead Counsel for Plaintiffs

Rule 23(g) of the Federal Rules of Civil Procedure provides that "a court that certifies a class must appoint class counsel."  Fed. R. Civ. P. 23(g)(1).  Class counsel "must fairly and adequately represent the interests of the class" and, in appointing class counsel, the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv), (2), (4).

The Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  The plaintiffs in the Actions, AGL, its directors, Southern, and AMS, agree that Faruqi & Faruqi, LLP and WeissLaw LLP should be appointed co-lead

---

[4]     Consolidation would be facilitated if the parties consent to consolidation by the filing of an appropriate consent order.

counsel in the Consolidated Action. The Court thus, appoints these firms as Interim Co-Lead Counsel, pursuant to Rule 23(g)(3).[5,6]

### D. Operative Complaint

The parties request the Court to consolidate the Actions into the First Action, treat the Complaint filed in the Second Action as the operative complaint of the Consolidated Action, and consider the plaintiffs from the Second and Third Actions as the lead plaintiffs in the Consolidated Action. Plaintiffs Sarah Halberstam and Baruch Z. Halberstam, plaintiffs in the Third Action, are not

---

[5] The Court, if it decides to certify the class in the Consolidated Action, will consider, at that time, whether Faruqi & Faruqi, LLP and WeissLaw LLP are qualified, under Rule 23(g)(1), to be class counsel.

[6] The Court takes no position on the use of The Law Offices of David A. Bain, LLC and Holzer & Holzer, LLC as liaison counsel by Interim Co-Lead Counsel. To the extent that Interim Co-Lead Counsel and Interim Co-Liaison Counsel seek to recover their fees in the Consolidated Action, the Court will closely review the work performed by each attorney and each firm to ensure that there was no needless duplication. The parties also request that the Court vest Interim Co-Lead Counsel with certain responsibilities and duties, and that it affirm that the defendants can rely upon any agreements made with Interim Co-Lead Counsel, and that any such agreements will be binding on Lead Plaintiffs. The Court declines to order any specific responsibilities or duties on Interim Co-Lead Counsel, or to affirm that defendants can rely on any agreements reached with Interim Co-Lead Counsel. The Court has appointed, with the agreement of all the plaintiffs, Faruqi & Faruqi, LLP and WeissLaw LLP as interim lead counsel over the putative class action, and these firms are subject to their obligations to the Court and to their clients under the Federal Rules of Civil Procedure, the Court's local rules, and the professional rules of conduct. Any agreements reached between Interim Co-Lead Counsel and any defendants are binding on Lead Plaintiffs to the extent that applicable law provides.

listed as plaintiffs in the Complaint filed in the Second Action. The Second Action was filed by Plaintiff Morton. Plaintiff Baker, the current plaintiff in the First Action, which will become the Consolidated Action, is not stipulated to be a named plaintiff in the Consolidated Action. To ensure that the appropriate lead plaintiffs are named in the operative complaint, the Court directs Interim Co-Lead Counsel to file an Amended Complaint in the Consolidated Action that includes the named putative class plaintiffs and the claims they seek to assert against the defendants.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Clerk of Court is **DIRECTED** to transfer Civil Action No. 1:15-cv-03320 from Judge Totenberg to Judge Duffey.

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to consolidate Civil Action Nos. 1:15-cv-03320, 1:15-cv-03402, and 15-cv-03597 with Civil Action No. 1:15-cv-03265 (the "Consolidated Action"). The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** Civil Action Nos. 1:15-cv-03320, 1:15-cv-03402, and 15-cv-03597. The parties in the Consolidated Action shall file any pleadings, motions, or other papers only in the Consolidated Action.

**IT IS FURTHER ORDERED** that Faruqi & Faruqi, LLP and WeissLaw LLP are appointed, under Rule 23(g)(3) of the Federal Rules of Civil Procedure, as Interim Co-Lead Counsel.

**IT IS FURTHER ORDERED** that Interim Co-Lead Counsel must file, on or before November 4, 2015, an Amended Complaint which shall, *inter alia*, identify the putative class plaintiffs, the putative class, and the claims asserted in the Consolidated Action.  Any defendants named in the Amended Complaint shall have sixty (60) days from the date the Amended Complaint is filed to file an answer or otherwise respond.

**SO ORDERED** this 23rd day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE