IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PATRICK BAKER, on Behalf of Himself and All Others Similarly Situated, | | |
| **Plaintiff,** | | |
| v. | | 1:15-cv-3265-WSD |
| AGL RESOURCES, INC., SANDRA N. BANE, THOMAS D. BELL, JR., NORMAN R. BOBINS, CHARLES R. CRISP, BRENDA J. GAINES, ARTHUR E. JOHNSON, WYCK A. KNOX, JR., DENNIS M. LOVE, DEAN R. O'HARE, ARMANDO J. OLIVERA, JOHN E. RAU, JAMES A. RUBRIGHT, JOHN W. SOMERHALDER, II, BETTINA M. WHYTE, HENRY C. WOLF, AMS CORP., and THE SOUTHERN COMPANY, | | |
| **Defendants.** | | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Patrick Baker's ("Plaintiff")

Emergency Motion for Expedited Proceedings [10] ("Motion").

## I.    BACKGROUND

This is a class action brought by shareholders of AGL Resources, Inc. ("AGL"), arising out of The Southern Company's proposed buyout of AGL. (Compl. ¶ 1).  On September 16, 2015, Plaintiff filed a Class Action Complaint [1] against AGL, its Board of Directors ("Board"), The Southern Company, and AMS Corp.  On October 23, 2015, the Court ordered Plaintiff's action to be consolidated with three separate putative class actions, and these cases were consolidated under this civil action.  The Court also appointed Interim Co-Lead Counsel.  (October 23, 2015, Order [9] (the "October 23rd Order")).  Interim Co-Lead Counsel was ordered to file a consolidated Amended Complaint on or before November 4, 2015.  (Id.).

The Complaint alleges, among other things, that the Preliminary Proxy (the "Proxy") filed with the Securities Exchange Commission ("SEC") on September 11, 2015, and the Schedule 14A Definitive Proxy Statement filed with the SEC on October 13, 2015, contain material misstatements and omissions.  (See, e.g., Compl. ¶ 4).  Plaintiff alleges that these material misstatements and omissions will prevent AGL's shareholders from making a fair and fully informed decision regarding the sale of their shares on November 19, 2015, when shareholders vote

2

whether to approve the buyout.  (Id. ¶ 5).  Plaintiff further alleges that the buyout price of $66.00 per share of AGL common stock is unfair, and will result in a "windfall" for The Southern Company.  (Mot. at 3).

On October 24, 2015, Plaintiff filed his Motion, seeking an order expediting discovery proceedings and setting a schedule for the filing of a motion for a preliminary injunction.  (Id. at 1).  Plaintiff seeks, among other things, expedited discovery of AGL's Board meeting minutes, presentations by AGL's financial advisor, Goldman, Sachs, & Co., to the Board, depositions of individual defendants Somerhalder and Rubright, and e-discovery of communications related to the proposed buyout.  (Id. at 23-24).  Plaintiff argues that, because the vote on the buyout will take place on November 19, 2015, an order expediting discovery is warranted "to give Plaintiff adequate time to build an evidentiary record to support his motion for a preliminary injunction and prevent the Proposed Transaction from being consummated."  (Id. at 13).

On October 29, 2015, Defendants AGL, The Southern Company, AMS Corp., and the Individual Defendants[1] (together, "Defendants") filed their response

---

[1]     The members of AGL's Board are defendants Sandra N. Bane, Thomas D. Bell, Jr., Norman R. Bobins, Charles R. Crisp, Brenda J. Gaines, Arthur E.

to Plaintiff's Motion.  In it, they argue that Plaintiff has not demonstrated good

cause for expedited discovery because Plaintiff failed to show probability of

success on the merits.  (Resp. [14] at 2).  Defendants argue that the information

allegedly omitted from the Proxy either was disclosed or is immaterial.  (Id. at

2-3).  Defendants further argue that the Motion should be denied because the

automatic stay provision of the Private Securities Reform Act ("PSLRA"), 15

U.S.C. § 78u-4(b)(3)(B), applies.  (Id. at 22).

## II.    DISCUSSION

### A.    Legal Standards

#### 1.    *PSLRA Automatic Stay of Discovery*

"Congress passed the PSLRA in 1995, motivated in large part by a perceived

need to deter strike suits by opportunistic private plaintiffs that filed securities

fraud claims of dubious merit in order to exact large settlement recoveries."

Thompson v. RelationServe Media, Inc., 610 F.3d 628, 636 (11th Cir. 2010).  The

PSLRA requires:

---

Johnson, Wyck A. Knox, Jr., Dennis M. Love, Dean R. O'Hare, Armando J.
Olivera, John E. Rau, James A. Rubright, John W. Somerhalder II, Bettina M.
Whyte, and Henry C. Wolf (together, the "Individual Defendants").

> [i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).

Where the PSLRA stay applies, no discovery, expedited or otherwise, may occur prior to the resolution of the motion to dismiss. In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008). The automatic stay can be lifted only if the Court "finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." In re Spectrum Brands, Inc., No. 1:05-cv-2494-WSD, 2007 WL 1483633, at *5 (N.D. Ga. May 18, 2007) (alteration omitted).

### 2. *Expedited Discovery*

Where the PSLRA stay does not apply, discovery proceeds in accordance with the Federal Rules of Civil Procedure. See Countrywide, 542 F. Supp. 2d at 1179. Although "[d]iscovery is normally barred prior to the Rule 26(f) conference . . . [a] court may allow discovery before the Rule 26(f) conference upon a showing of 'good cause.'" Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc., No. 8:08-cv-310, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (citing

Fed. R. Civ. P. 26(d)(1)).  The burden is on the moving party to show good cause to depart from the usual discovery procedures.  <u>Id.</u>  (citation omitted).

"In determining whether to allow discovery before the Rule 26(f) conference, some courts require movants to make a showing similar to that required for a preliminary injunction."  <u>Hospitalists Mgmt. Grp., LLC v. Fla. Med. Affiliates, Inc.</u>, No. 2:14-cv-242, 2014 WL 2565675, at *1 (M.D. Fla. June 6, 2014) (citing <u>Platinum Mfg. Intern.</u>, 2008 WL 927558 at *1 n.3); <u>see also</u> <u>Washtenaw Cty. Emps.' Ret. Sys. v. Wells Real Estate Inv. Tr., Inc.</u>, No. 1:07-cv-862-CAP, 2007 WL 5220728, at *2 (N.D. Ga. July 9, 2007) ("While the plaintiff ha[s] not yet filed a motion seeking immediate equitable relief, the standard for granting such relief is instructive for purposes of considering the plaintiff's motion for expedited discovery.").  Under this standard, Plaintiff must show: "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without the expedited

discovery looms greater than the injury that the defendant will suffer if expedited

relief is granted." <u>Hospitalists</u>, 2014 WL 2565675, at *1.[2]

B.    <u>Analysis</u>

1.    *The PSLRA Automatic Stay of Discovery Applies*

The PSLRA applies to derivative actions that assert federal securities claims.

As one court noted, "the plain language of the stay provision clearly encompasses

any action that asserts claims under the 1934 Securities Exchange Act," and

"district courts have frequently applied the PSLRA to stay discovery in shareholder

derivative actions that allege violations of federal law." <u>Countrywide</u>, 542 F.

Supp. 2d at 1179; <u>see also</u> <u>In re UnitedHealth Grp. Inc. PSLRA Litig.</u>, 643 F.

Supp. 2d 1094, 1097 (D. Minn. 2009). Plaintiff asserts claims under Sections

---

[2]     This standard was first articulated in <u>Notaro v. Koch</u>, 95 F.R.D. 403
(S.D.N.Y. 1982). Some courts have accepted the <u>Notaro</u> standard, and others have
rejected it in favor of the broader "good cause" test. <u>See</u> <u>GE Seaco Servs., Ltd.</u>
<u>v. Interline Connection, N.V.</u>, No. 09-cv236864-CIV, 2010 WL 1027408, at *1
(S.D. Fla. Mar. 18, 2010) (applying good cause test); <u>Irish Lesbian & Gay Org.</u>
<u>v. Giuliani</u>, 918 F. Supp. 728, 731 (S.D.N.Y. 1996) (applying <u>Notaro</u> factors in
denying expedited discovery requested to aid in preparation for hearing on
preliminary injunction); <u>Semitool, Inc. v. Tokyo Electron Amer., Inc.</u>, 208 F.R.D.
273, 274-75 (N.D. Cal. 2002) (rejecting <u>Notaro</u> factors in favor of "the more
flexible good cause standard"). In the absence of controlling precedent, the Court
follows the practice of other district courts in the Eleventh Circuit and applies the
<u>Notaro</u> analysis for the purposes of this order. The Court notes it would reach the
same result if the good cause test is applied.

14(a) and 20(a) of the Securities Exchange Act, (Compl. ¶¶ 75, 84), and thus the PSLRA applies to this action.

Plaintiff argues that the PSLRA's automatic stay provision does not apply because Defendants have not filed a motion to dismiss.  (Reply [16] at 9). Congress enacted the automatic stay provision to permit discovery in "securities class actions only after the court has sustained the legal sufficiency of the Complaint."  In re Carnegie Intern. Corp. Sec. Litig., 107 F. Supp. 2d 676, 683 (D. Md. 2000) (citing S. Rep. No. 104-98 at 14 (1995)).  Consistent with this purpose, many courts have held that the automatic stay provision is "triggered by the mere indication by defense of its intention to file a motion to dismiss."  Id.; see also Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 395 F.3d 25, 32 (2d Cir. 2005), rev'd on other grounds, 547 U.S. 71 (2006) (the automatic stay provision of the PSLRA applies "pending judicial determination on the legal sufficiency of the claims"); In re Am. Funds Sec. Litig., 493 F. Supp. 2d 1103, 1105 (C.D. Cal. 2007) (noting that the Ninth Circuit has interpreted the automatic stay to apply from the filing of the case (citing SG Cowen Sec. Corp. v. U.S. Dist. Court for the N. Dist. of Cal., 189 F.3d 909, 913 (9th Cir. 1999))); Global Intellicom, Inc. v. Thomson Kernaghan & Co., No. 99CIV342(DLC), 1999 WL 223158, at *1 (S.D.N.Y. Apr.

16, 1999) (automatic stay applied where the defense had represented its intent to file a motion to dismiss).[3]

The Court finds that the automatic stay provision of the PSLRA applies here. In its October 13th Order, the Court required Interim Co-Lead Counsel to file a consolidated Amended Complaint on or before November 4, 2015. Defendants thus have not yet had the *opportunity* to file a motion to dismiss, and should not be penalized because of the Court's and the parties' interests in efficiency. See In re JDS Uniphase Corp. Sec. Litig., 238 F. Supp. 2d 1127, 1133 (N.D. Cal. 2002) (PSLRA automatic stay applied where no motion to dismiss consolidated complaint had yet been filed, because the court had not had the opportunity to sustain the legal sufficiency of the complaint). Defendants have noted that they

---

[3]    Other courts have disagreed with this interpretation, and have held that the plain language of the statute provides that the automatic stay applies only during the pendency of a filed motion to dismiss. See, e.g., Mills v. Nat'l Oilwell Varco, No. 4:12-cv-2962, 2012 WL 11921452, at *1 (S.D. Tex. Oct. 26, 2012) (in shareholder class action alleging misleading proxy statement would lead to misinformed vote on merger agreement, finding the PSLRA automatic stay did not apply, but denying expedited discovery because money damages were adequate remedy); Dartley v. Ergobilt, Inc., No. Civ.A.3:98-cv-1442-G, 1998 WL 792500, at *1 (N.D. Tex. Nov. 4, 1998) (holding discovery must be stayed only when a motion to dismiss actually has been filed). The weight of authority and the policy underlying the PSLRA automatic stay, however, counsel in favor of the broader interpretation.

have not yet had an opportunity to file a motion to dismiss, because the Amended Complaint has not yet been filed.  (Resp. at 28-29).[4]  Under these circumstances, a strict interpretation of the automatic stay provision to require the actual filing of a motion to dismiss would thwart the purpose of the PSLRA, and the Court determines the automatic stay applies.

The automatic stay can be lifted only if the Court "finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  Spectrum Brands, 2007 WL 1483633, at *5 (alterations omitted).  A discovery request is particularized when it is directed at specific persons and sufficiently limits the type of documents to be preserved. Dipple v. Odell, 870 F. Supp. 2d 386, 391 (E.D. Penn. 2012) (quoting In re Heckmann Corp. Sec. Litig., No. 10-378-LPS, 2011 WL 10636718, at *4 (D. Del. Feb. 28, 2011)).  Whether a discovery request is sufficiently "particularized" depends on "the nature of the underlying litigation."  Smith v. Robins & Myers, Inc., No. 3:12-cv-281, 2012 WL 5479061, at *2 (S.D. Ohio Oct. 26, 2012).

---

[4]     The requirement of a consolidated Amended Complaint was imposed by the Court after the parties requested the cases be consolidated and assigned to a single judge.  The delayed opportunity to file a motion to dismiss pending the filing of the Amended Complaint was thus the result of the parties', including Plaintiff's, request for consolidation.

Plaintiff's discovery requests do not support lifting the PSLRA stay.  In
Smith, the Southern District of Ohio rejected the plaintiff's expedited discovery
request under similar circumstances.  2012 WL 5479061, at *2.  The class action
plaintiff in Smith alleged that defendants failed to disclose all material information
in their proxy statement seeking shareholder approval of a proposed sale.  Id. at *1.
Like here, the Smith plaintiff waited "nearly two months after filing his original
complaint" before requesting "expedited discovery in advance of his forthcoming
motion for preliminary injunction."[5]  Id.  The Smith court found plaintiff's
requested discovery, which is strikingly similar to the discovery requested here,[6]

---

[5]    Plaintiff filed his original Complaint on September 16, 2015.  His
emergency motion was filed about six (6) weeks later, on October 24, 2015.

[6]    The plaintiff in Smith requested the following discovery:
      1. The R & M meeting minutes, including drafts, with all attachments
      and related materials, of R & M's Board of Directors and all
      committees thereof, insofar as the minutes contain information
      regarding the proposed sale of R & M to NOVI (the "Proposed
      Acquisition") or a potential acquisition of or business combination
      with any other possible acquirer of R & M ("Offer");
      2. All Board presentations provided by the Company's financial
      advisor to the Board or any management member of R & M relating
      to the Proposed Acquisition or any Offer;
      3. All materials given to or received from the Company's financial
      advisor relating to the Proposed Acquisition or any Offer, including,
      but not limited to projections of the Company's future financial
      performance and valuation Of the Company's assets; and

was not sufficiently particularized to lift the PSLRA automatic stay.  Id. at *2-3.

Plaintiff here makes a shallow attempt to meet the "sufficiently particularized" standard and to show it would produce results sufficiently meaningful to overcome the stay requirement.  He states the discovery he seeks is "[l]imited e-discovery regarding communications related to the Buyout for [three people] based upon search terms."  (Mot. at 23).  This discovery is not particularized and Plaintiff has not even identified the search terms he wants run.  He allows Defendants only two weeks at most to locate, screen for privilege, and produce any responsive documents.  See Davis v. Duncan Energy Partners, L.P., 801 F. Supp. 2d 589, 594 (S.D. Tex. 2011) (noting burden of performing electronic discovery using search terms "in the short time available before [investors] are scheduled to vote on" a proposed transaction).  The three depositions Plaintiff seeks also fail to impose meaningful limits on the scope of questioning, and

---

4.  All communications in the custody of defendant Peter C. Wallace relating to the proposed Acquisition or any Offer[; and] . . . leave to take the following depositions:  (1) Defendant Peter C. Wallace (the Company's President and CEO); (2) Defendant Thomas P. Loftis (Chairman of the Board); (3) the person most knowledgeable at Citi concerning the Proposed Acquisition; and (4) the person most knowledgeable at NOVI concerning the Proposed Acquisition.

Smith, 2012 WL 5479061, at *2 n.1.

Plaintiff fails to articulate any meaningful information he surmises may be produced.  See Sawhorse Enters., Inc. v. Church & Dwight Co., Inc., Civil Action No. 12-6811 (FLW), 2013 WL 1343608, at *6 (D.N.J. Apr. 3, 2013) (denying expedited discovery where plaintiff did not justify request for two depositions which lacked meaningful limits on the scope of questioning).  Plaintiff's discovery requests are not particularized.

Even if Plaintiff's requests were particularized—and the Court finds they are not—Plaintiff also failed to show undue prejudice.  "Undue prejudice" means "improper or unfair treatment amounting to something less than irreparable harm." Dipple, 870 F. Supp. 2d at 392 (quoting Sarantakis v. Gruttaduaria, No. 02-1609, 2002 WL 1803750, at *2 (N.D. Ill. Aug. 2, 2002)).  "Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice that is neither improper nor unfair."  Id.

Plaintiff seeks discovery to prepare for a motion for preliminary injunction to enjoin the November 19, 2015, shareholder vote.  (Mot. at 1).  As the court in Dipple noted, however, "if this were a proper basis for a finding of undue prejudice, it would apply in every securities-fraud action and the statutory exception would swallow the rule."  870 F. Supp. 2d at 393 n.6.  Here, Plaintiff has

13

failed to provide any cogent evaluation that the discovery requested is targeted to those sources where it is reasonable to believe there exists information to support the misrepresentation and omission claims he alleged.  Describing specific discovery targets does not support that the target will produce meaningful information to support Plaintiff's allegations.  The delayed timing of Plaintiff's Motion also means that any meaningful information that might be gleaned from expedited discovery would not be timely available.  Two weeks remain until the November 19, 2015, shareholder vote, which is simply not enough time to conduct discovery, synthesize meaningful information, conduct briefing on a motion for preliminary injunction, and for the Court to rule on whether preliminary injunctive relief is warranted.[7]

---

[7]    Several other courts have found no undue prejudice where plaintiff requests expedited discovery to prevent a shareholder vote because of inadequate disclosure.  See, e.g., Botton v. Ness Techs. Inc., Civil Action No. 11-3950 (SRC)(MAS), 2011 WL 3438705, at *3 (D.N.J. 2011) (declining to find undue prejudice even if denying plaintiffs' motion created a risk shareholders would have to vote on a transaction with inadequate information); Lusk v. Life Time Fitness, Inc., Civil No. 15-1911, 2015 WL 2374205, at *2-3 (D. Minn. May 18, 2015) (same); Leone v. King Pharm., Inc., No. 10-230, 2010 WL 4736271, at *3 (E.D. Tenn. Nov. 16, 2010) ("Given the delay in the filing of the [preliminary injunction] motion . . . it appears that the additional discovery sought amounts to nothing more than a fishing expedition.").  Some courts have come out the other way.  See, e.g., Nichting v. DPL, Inc., No. 3:11-cv-141, 2011 Wl 2892945, at *4 (S.D. Ohio July

Undue prejudice also requires a plaintiff to show that "leaving the stay in place would prevent the plaintiff from obtaining relief in *any* form."  Id. at 393 n.7 (quoting Fisher v. Kansas, No. 06-1187, 2006 WL 2239038, at *3 (E.D.N.Y. Aug. 4, 2006)).  As in Dipple, the Complaint here "anticipates the possibility of the Proposed Transaction closing and requests 'rescissory damages' as an alternative form of relief."[8]  Id.; (Compl. ¶ 77).  The Court agrees that "Plaintiff['s] argument essentially . . . [is] that delay may make their preferred remedy unavailable.  This does not establish undue prejudice such as where the stay would prevent 'relief in any form.'"  Dipple, 870 F. Supp. 2d at 393 n.7.

    2.   *Even If The PSLRA Automatic Stay Did Not Apply, Expedited Discovery Is Not Warranted.*

Even if the PSLRA automatic stay did not apply, the Court would decline to grant Plaintiff's Motion.  To warrant expedited discovery where the PSLRA does

---

15, 2011); Ryan v. Walton, Civil Action No. 10-145 (RMC), 2010 WL 3785660, at *1-2 (D.D.C. Mar. 9, 2010).  As the court in Leone noted, many cases in which courts have granted a preliminary injunction in shareholder class actions presented "the possibility that a higher, pending, rival offer might go away forever."  2010 WL 4736271, at *5.  That is not the case here.  The Court agrees with the weight of authority that, under these facts, the risk that shareholders will have to vote on a transaction with inadequate information does not rise to the level of undue prejudice, particularly where, as described below, adequate remedies exist.

[8]    Other forms of relief may be available to Plaintiff as well, as described in this Opinion and Order.

not apply, Plaintiff must show:  "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without the expedited discovery looms greater than the injury that the defendant will suffer if expedited relief is granted."  Hospitalists, 2014 WL 2565675, at *1.

An injury is "irreparable" only if it cannot be undone through monetary remedies.  Washtenaw, 2007 WL 5220728, at *2 (citing Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).  "[M]oney damages in merger transactions may be considered adequate or 'completely sufficient' remedies at law."  Botton v. Ness Tech. Inc., Civil Action No. 11-3950 (SRC)(MAS), 2011 WL 3438705, at *2 (D.N.J. 2011).  The Court finds that "the ultimate question to be decided in this litigation is the per share value of the common stock, a determination that is hardly more speculative after the sale than before.  Thus, it appears that the shareholders will have an adequate remedy at law . . . ."  Leone v. King Pharm., Inc., No. 10-230, 2010 WL 4736271, at *3 (E.D. Tenn. Nov. 16, 2010).

As Defendants note, Plaintiff also may have an appraisal remedy under Georgia law.  (Resp. at 4 n.2).  The existence of such a remedy militates against granting an expedited discovery motion under these circumstances.  See, e.g., Botton, 2011 WL 3438705, at *3; Lusk v. Life Time Fitness, Inc., Civil No. 15-1911, 2015 WL 2374205, at *2-3 (D. Minn. May 18, 2015) (where plaintiff alleged investors had inadequate information in voting on proposed transaction, finding no irreparable harm because state appraisal statute provided an adequate remedy at law); Mills v. Nat'l Oilwell Varco, No. 4:12-cv-2962, 2012 WL 11921452, at *2 (S.D. Tex. Oct. 26, 2012) (same).  Shareholders have multiple adequate remedies at law that they may pursue.  For this additional reason, even if Plaintiff could show the PSLRA automatic stay does not apply, Plaintiff's motion for expedited discovery is required to be denied.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Patrick Baker's Emergency Motion for Expedited Proceedings [10] is **DENIED**.

**SO ORDERED** this 4th day of November, 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE